# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY HOLMES,

    Defendant.

Case No. 2:18-cr-00419-JAD-NJK

ORDER

(Docket No. 20)

Pending before the Court is Defendant Anthony Holmes' motion to continue motion deadlines. Docket No. 20. The Court has considered Defendant's motion and the United States' response. Docket Nos. 20, 22. No reply is necessary.

Defendant asks the Court to extend the motion deadline by one week in order to allow his counsel the opportunity to file a motion to suppress evidence. Docket No. 20 at 2. Defendant submits that, due to the circumstances of the case, he was unable to meet with counsel until March 21, 2019, and that the motion deadline expired on March 19, 2019. *Id*. at 1-2. After meeting with Defendant, counsel "promptly reached out" to the United States to request a stipulation of the motion deadline; however, the United States "advised" counsel to file a motion to extend the deadline instead. *Id*. at 2. The United States' response, however, submits solely that the parties continued the motion deadline once before, and that Defendant did not seek to extend the March 19, 2019 deadline until March 21, 2019. Docket No. 22 at 1-2.

The United States' motion contains no opposition to Defendant's request and, significantly, no points and authorities. Accordingly, Defendant's motion is properly granted as unopposed. *See*

LCR 47-3. Additionally, the Court fails to discern why the United States wasted the resources of the Court and opposing counsel by refusing to agree to a stipulation and, instead, forcing counsel into motion practice when the United States clearly has no opposition to his request. Obstructive refusal to make reasonable accommodation not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expenses. *See, e.g.*, *Kondrk v. Towbin Dodge LLC*, 2015 WL 13683019, at *1 (D. Nev. Nov. 18, 2015). Counsel are required to conduct themselves with professionalism, civility, and practicality. *See, e.g.*, Local Rule 1-1(c).

The Court finds that, in addition to the United States' consent to the granting of Defendant's motion, the motion establishes good cause on the merits for Defendant's request. Accordingly, the Court **GRANTS** Defendant's motion to continue motion deadlines. Docket No. 20. The motion deadline is extended to March 26, 2019; the response deadline is extended to April 9, 2019; and the reply deadline is extended to April 16, 2019.

IT IS SO ORDERED.

DATED: March 26, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE